**KETTERER et, Plaintiffs-Appellees, v. RED STAR TRANSIT COMPANY, INC. et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3842.   Decided June 5, 1956.

Comus M. Beard, Youngstown, for plaintiff-appellee, Donald Y. Ketterer, A. I. Goldman, Youngstown, for The Providence Washington Insurance Company.

William E. Pfau, William E. Pfau, Jr., Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, PJ.

During daylight on the clear day of October 1, 1953, plaintiff Ketterer drove a tractor-trailer outfit, referred to herein as an outfit, loaded with 20,000 pounds of steel, at about forty miles an hour, and William Ray

drove Red Star Transit Company's White tractor and Fruehauf trailer tandum outfit, likewise referred to as an outfit, loaded with empty beer cases weighing 2,700 pounds, south on Route 165 about thirty miles an hour, into collision each with the other on a bridge eighteen feet ten inches wide, situated four miles south of New Springfield, Ohio.

The parties stipulated in the trial court that the damages to Kettererd's outfit was $3,589.39, and the damage to the Red Star Transit outfit was $4,000.00.

The jury returned a verdict for $3,589.38 for plaintiff Ketterer (and his insurer The Providence Washington Insurance Company, which was subrogated to his rights), upon which verdict the trial judge subsequently duly entered judgment.

Defendants appealed to this court on questions of law from the judgment of the trial court.

Substantially plaintiff Ketterer testified that as he approached the bridge he noted the sign posted thereon "narrow bridge," and defendants' outfit when it was six hundred feet away and he was four hundred feet from the bridge; that while crossing the bridge the left front wheel of defendants' outfit hit the left dual wheel of the outfit he was driving throwing his outfit out of control causing it to cross the center line of the highway beyond the bridge against the guard rail on the left side of Route 165 and back into the ditch on his right side thereof; that with the load he was hauling and the speed his outfit was traveling the trailer had a tendency to sway; that he did not apply the brakes because application of the brakes then would have a tendency to cause the trailer to sway to a greater extent; that the tractors of each outfit passed without collision, and that he did not see the trailers collide; that he assumed defendants' outfit would stop before entering on the bridge; that he entered the bridge with his outfit about six inches over the center line, and tried to operate his outfit entirely on his own side of the highway while travelling on the bridge.

The operator of defendants' outfit testified on cross-examination:—

"Q. It seemed to you as Mr. Ketterer approached the bridge he came over on to his own right hand side of the highway, is that right?

"A. Hugging the line, yes.

"Q. What?

"A. Hugging the line, yes.

"Q. Hugging the line; but he was on his own right hand side?

"A. Yes.

"Q. And he continued that way over on to the bridge, is that right?

"A. I don't know what he did on the bridge.

"Q. As far as you saw him,, as he was coming on the bridge, he was on his own right hand side?

"A. Yes."

In their first assigned ground of error defendants contend that the trial judge erred to their prejudice in permitting counsel for plaintiff, over their objection, to attempt to rehabilitate the testimony of plaintiff Ketterer from other questions answered by him on cross-examination when his deposition was taken under the statute, and also on his

direct examination on deposition, which defendants' counsel contends plaintiffs' counsel had no right to ask: and contends that "this entire rehabilitation testimony, contained in the record from pages 37 to 43 inclusive, was improper, misleading, erroneously admitted, and highly prejudicial to the defendants-appellants."

The questions and answers in the deposition were proper to show that plaintiff gave the same answers on trial as he did in his deposition. In my opinion the reading of the questions and answers offered by deposition did not prejudice defendants' rights. No new evidence was introduced in the case. The one question and answer defendant read to the jury was merely explained.

I find no error prejudicial to the defendant in the assigned ground of error under discussion.

In his general charge to the jury, in which defendants claim the trial judge erred to their prejudice the trial judge said "then the defendant, by what is called a cross-petition, and that is simply a device to bring another case into this * * *."

The burden of defendants' argument with reference to the general charge is "that it was so long and laborious that no doubt it was difficult for the jury to attempt to follow it; that the court seemed to take the position that the filing of a cross-petition was some underhanded scheme on the part of the defendant"; that the court did not use an adjective to define the word "device" such as the word "proper" or "proper legal device," and that by reason thereof "the jury got a wrong impression from the mere fact that a cross-petition was filed as if it were a subterfuge used to attempt to thwart justice."

The record discloses, as defendant contends, that during his general charge the trial judge said:—

"Then the defendant, by what is called a cross-petition, and that is simply a device to bring another case into this, which arises from the same circumstances, makes an affirmative claim against the plaintiff that its tractor and trailer outfit was damaged in this collision, that the collision was caused by the negligence of the plaintiff in operating his vehicle in a number of respects in most part similar to the claims of the plaintiff against the defendant, namely, failure to keep on the right or proper side of the highway, excessive speed and failure to control the car. Now, that, of course, is denied by the plaintiff."

Later in his charge the trial judge defined the issues in plaintiff's petition and said with reference to defendants' cross-petition:—

"* * * I shall now, therefore, deal with the defendants' affirmative claim against the plaintiff.

"Now the simplest way to look at that is that the positions, so far as the usual position in a lawsuit is concerned, are completely reversed; this time really the defendant is in the position of a plaintiff; he is asserting an affirmative claim as against the plaintiff, who is defending against the claim. I will not, however, change the names of the parties unless by mistake, but I think what I have just said will perhaps give you a slightly clearer idea of how to approach the problem."

Plaintiffs claim that there is nothing wrong with the first remark of the judge,

While the use of the word "device" unqualified was unfortunate yet studying the charge of the trial judge as a whole it is clear to me that as said in **4 O. Jur.. Second, Section 991, Page 264,** "men of ordinary intelligence would not be misled in the performance of their duties as jurors" by instructions given them by the trial judge.

"If the charge sufficiently sets forth the various material questions for the determination of the jury, fairly and substantially states the law in regard thereto and the consequent rights and liabilities of the parties, fully acquaints the jury respecting its province, and contains nothing prejudicially erroneous, it is not ground for reversal that it is not wholly free from inaccuracies, that it could have been improved in form, that it is not elegant in style, that it might have been couched in better or more appropriate language, or that it might have been better to have stated it differently. Even though a charge does not state the issues particularly well, reversal is not required if, taken as a whole, it is not misleading as to the matters in issue between the parties." **4 O. Jur., Second, Section 991, Page 264.**

It appears from the entire charge that a correct statement of the law applicable to the evidence was given in such a manner that the jury could not have been misled, and accordingly I believe no prejudicial error can be held to have resulted from any of the claimed errors of the trial judge with reference to his charge.

Defendants contend that the verdict of the jury and judgment of the trial court entered thereon are against the manifest weight of the evidence. Plaintiffs contend that the sole question for the jury to decide was whether the plaintiffs or defendants, or both, were negligent. The only witnesses were the two truck drivers.

I concur in the statement in the opinion of Griffith, J., that this court "can reverse the judgment below only when the verdict of the jury is so manifestly contrary to the natural and reasonable inference to be drawn from the evidence as to produce a result in complete violation of substantial justice," but conclude that by the verdict of the jury and the judgment of the trial court entered thereon a result has been produced in complete violation of substantial justice. In my opinion the verdict of the jury is so manifestly against the weight of the evidence "as to shock the conscience to permit it to stand," and for that reason the judgment of the trial court should be reversed as against the manifest weight of the evidence.

However, since the judgment of the trial court cannot be reversed on the ground that it is against the manifest weight of the evidence "except by the concurrence of all the judges of the court of appeals" and one member of the court finds "no error in the record prejudicial to the rights of the appellant" and affirms the judgment of the trial court that judgment must be affirmed.

GRIFFITH, J, concurs in judgment.
NICHOLS, J, dissents.

**KETTERER et, Plaintiffs-Appellees, v. RED STAR TRANSIT COMPANY, INC. et, Defendants-Appellants.**

## OPINION

By GRIFFITH, J.

The basic question raised in the trial of this case for the jury to decide was: Which vehicle was being operated over the center line of the highway in violation of law?

The only testimony offered was that of the driver of each outfit. Photographs of the highway at the place of collision, taken the day after the accident, were properly admitted in evidence. These photographs show marks on the highway as they existed immediately after the collision.

Each driver testified that he was on his own right side of the road. The plaintiff, who was driving his own outfit, said that the defendant's tractor hit the left rear wheel of the plaintiff's tractor.

The defendant's driver testified that the two tractors of the outfits passed each other, and he was over to his right as far as he could get without hitting the bridge abutment. Each driver testified that they did not see the impact. The defendant's driver testified that plaintiff's trailer, as it approached the place of the collision, was swaying five or six inches but that it seemed to straighten out as it came closer to the culvert, that plaintiff's outfit was on his own right hand side of the road as he approached the bridge, but he was hugging the white line. Each driver testified that the cabs of their vehicles were already across the culvert at the time of impact.

Prior to trial, the deposition of plaintiff was taken. On cross-examination of plaintiff, he was asked if at the time his deposition was taken, the following question was not propounded and answer given:—

"Q. Before you and the other truck came together, did you continue towards it with your outfit about six inches over to the left of the center line?

"A. That is right."

On re-direct examination, counsel inquired of plaintiff:—

"Q. All right. Mr. Pfau asked you this question: 'So that I understand you correctly, when you first saw the on coming outfit, your outfit was about six inches to the left of the center of the road, is that correct?' And do you recall this answer? A. Well, six inches on the inside of our lane, I would say. Q. Yes. A. Because it was between the white line and the cement abutment on the bridge whenever it hit me. Do you recall giving me that answer?

"Mr. Pfau: I object.

"Court: He may answer. Has he answered?

"A. Yes."

This inquiry by plaintiff's counsel was tied right in with the defendant's cross-examination. It was an immediate part of the deposition the defendant had used in cross-examination. This was a matter immediate in the deposition to the question singled out by the defendant and was in explanation to that question and answer. It was not a matter of rehabilitating an impeached witness.

The witness admitted making the answer in the deposition but the answer, as brought out in cross-examination, was not the complete answer, and he should be entitled to make a full and complete answer to the single subject of inquiry.

The trial court was correct in permitting the plaintiff to complete his answer.

The defendant complains that the verdict was against the manifest weight of the evidence.

The Court of Appeals, upon an assignment of error involving the weight of the evidence, can reverse the judgment below only when the verdict of the jury is so manifestly contrary to the natural and reasonable inference to be drawn from the evidence as to produce a result in complete violation of substantial justice.

On factual questions, a reviewing court will accept the determination of the fact finding entity, be it jury or court, unless so manifestly against the weight of the evidence as to shock the conscience to permit it to stand.

"We are required as a reviewing court to indulge every reasonable presumption in favor of the validity and regularity of the judgment under review, and if there is substantial evidence in the record from which reasonable minds might reasonably draw different conclusions the judgment must not be disturbed." **Hellebush v. Tischbein Apothecaries, Inc., 53 Oh Ap 162.**

Defendant's third assignment of error goes to the court's general charge to the jury. The court stated:—

"When the defendant, by what is called a cross petition, and that is simply a device to bring another case into this * * *."

Undoubtedly, it would have been better had the court used the term, "legal device," or "proper legal device," but the language used was not prejudicially erroneous where, in view of the rest of the charge, the jury could not have been misled or prejudiced.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

PHILLIPS, PJ, concurs in judgment.

NICHOLS, J, dissents.

### DISSENTING OPINION

By NICHOLS, J.

From my careful examination of the record in this case and consideration of the briefs and arguments of counsel I arrive at the conclusion that reasonable minds can not differ but must find that the drivers of both colliding vehicles are guilty of negligence which was a direct and proximate cause of the collision and resulting damage; wherefore neither party has the right to recover, and that the judgment should be reversed and the action dismissed.